UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

No. 23-3162

———————————

UNITED STATES OF AMERICA,                               Appellee,

v.

ZACHARY REHL,                                          Appellant.

## OPPOSITION TO MOTION TO REMAND

Appellant Zachary Rehl is one of four codefendants who were convicted at trial based on their participation in the events at the United States Capitol on January 6, 2021, and whose appeals have been consolidated in this Court (9/25/23 Order, *United States v. Nordean, et al.*, Case No. 23-3159 et al.).[1] On January 20, 2025, President Trump commuted the defendants' sentences "to time served as of January 20, 2025[.]" Proclamation No. 10887, 90 Fed. Reg. at 8331. The defendants'

---

[1] A fifth codefendant at trial, Enrique Tarrio, was pardoned by President Trump. *See* Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025). On February 4, 2025, this Court granted the government's motion to vacate Tarrio's convictions and remanded his case to the district court with instructions to dismiss it as moot (2/4/25 Order, *United States v. Tarrio*, No. 23-3165).

joint opening brief on appeal is currently due February 12, 2026 (11/14/25 Order, *United States v. Nordean, et al.*, Nos. 23-3159 et al.).

On November 26, 2025, Mr. Rehl, who is proceeding pro se on appeal, moved to remand his case (and his case alone) to the district court so that he could file "motion for a new trial or, in the alternative, dismissal of the case with prejudice . . . based on newly discovered evidence of prosecutorial misconduct" (Appellant Zachary Rehl's Pro Se Motion for Remand at 1-2). The United States respectfully opposes that motion.

This Court "generally will consolidate . . . all appeals . . . from the same district court judgment" "[i]n order to achieve the most efficient use of the Court's resources, as well as to maintain consistency in its decisions[.]" D.C. Circuit Handbook of Practice and Internal Procedures 24 (2025). Those interests in consistency and judicial economy are particularly strong in a case such as this, which involved a five-codefendant conspiracy trial that lasted approximately four months. Granting Mr. Rehl's motion would require deconsolidation of his appeal from that of his three remaining codefendants and potentially two separate appeals from the same four-month trial. Because this outcome

2

would undermine judicial economy and needlessly result in the extra expenditure of scare resources, this Court should deny Rehl's motion. *See generally Chem One, Ltd. V. M/V Rickmers Genoa*, 660 F.3d 626, 642 (2d Cir. 2011) (granting consolidation because it "would be both efficient and equitable for the disposition of the appeals").

It is also unnecessary for the Court to grant Mr. Rehl's motion for him to attempt to obtain the relief he seeks. Under Federal Rule of Criminal Procedure 33(b)(1), "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Although the district court may not grant a motion for a new trial if an appeal is pending, it may issue an indicative ruling. Under Rule 37(a), "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." As the Tenth Circuit has recently explained, where an appeal from a trial

3

is pending, "a defendant who seeks to file a motion for a new trial may instead file a motion for an indicative ruling, which permits the district court to indicate how it would rule on the underlying new-trial motion if the appellate court were to remand the case." *United States v. DeLeon*, No. 22-2036, 2025 WL 2793726, at *10 (10th Cir. Oct. 1, 2025). "Thus, a Rule 37 motion for an indicative ruling provides a mechanism through which the district court may tentatively rule on—or may definitively deny—an underlying, embedded motion for a new trial while an appeal from that trial is already pending." *Id.*

Because Mr. Rehl may still file a motion for a new trial under Rule 33 and request an indicative ruling under Rule 37, he would suffer no prejudice were the Court to deny his motion to remand. If the district court determines that it would grant Rehl's motion were this Court to remand for that purpose, it can issue an indicative ruling to that effect. *See* Rule 37(a)(3). This Court could then remand the case, and the district court could grant the new trial motion. *See* Rule 33(b)(1). And if the district court denies Mr. Rehl's motion for a new trial, *see* Rule 37(a)(2), Mr. Rehl may separately appeal that denial, *see DeLeon*, 2025 WL 2793726, at *11.

The government thus respectfully requests that Mr. Rehl's motion to remand be denied.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

CHRISELLEN R. KOLB
Assistant United States Attorney

_____/s/_____
DANIEL J. LENERZ, DC Bar 888283905
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
(202) 252-6829

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon Zachary Rehl, on this 8th day of December, 2025.

/s/

DANIEL J. LENERZ
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE WITH RULE 27(D)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 27(d)(2)(A) that the foregoing motion contains 821 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion was prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/

DANIEL J. LENERZ
Assistant United States Attorney
