# UNITED STATES COURT OF APPEALS

# FOR THE DISTRICT OF COLUMBIA CIRCUIT

**UNITED STATES OF AMERICA,**                                    **Appellee,**

**v.**

**ZACHARY REHL,**                                                          **Appellant.**

No. 23-3162 (Consolidated with 23-3159, 3160, 3161)

## APPELLANT ZACHARY REHL'S REPLY TO THE GOVERNMENT'S RESPONSE DOCUMENT #2149315 TO MOTION FOR RULE 33 REMAND

Appellant Zachary Rehl, proceeding pro se, pursuant to the FRAP and this Court's local Rule 27, respectfully submits this Reply to the Government's opposition Response (Document #2149315, filed December 8, 2025) to his Motion for remand (Document #2147343, filed November 26, 2025). Mr. Rehl seeks the Relief of *a remand* to the district court for proceedings on his motion for a new trial under Fed. R. Crim. P. 33(b)(1) or, in the alternative, a remand for dismissal with prejudice if the government seeks filing under Rule 48(a), but would welcome a *limited remand* for either scenario to satisfy the governments concerns regarding jurisdiction. The Court should deny the government's Response that conflates Rule 33 with Rule 37, which fails to address substantive allegations

of misconduct which warrant immediate remand, and would create inefficiency and uncertainty. Rehl provides this Reply in support:

## I. THE GOVERNMENT MISAPPLIES AN IRRELEVANT JUDICIAL ECONOMY ARGUMENT GIVEN THE MOTION'S CONTENTS

The government argued that remand for the Rule 33 proceeding would undermine judicial economy by requiring deconsolidation of Rehl's appeal from those of his co-appellants (Ethan Nordean, Joseph Biggs, and Dominic Pezzola), potentially leading to duplicative proceedings from the same trial. (Response at 2-4). Mr. Rehl replies that the argument is incorrect because with a *limited remand* where *this Court retains jurisdiction* of the appeal, this Court may stay the appellate briefing schedule, or even just amend it to add 30 days for each side, while awaiting the district court decision. Although severance is an option should a time delay be shown to detriment any Party, there is no requirement for this Court to sever the cases. If Mr. Rehl prevails at district court, the subsequent motion will be to dismiss him from this case, which will lead to more efficient briefs given that there are generally no uniform facts and charges across all Appellants.

Mr. Rehl will not speculate as to why counsel for the co-appellants have not yet joined this motion. The decision of co-appellants' counsel should not prejudice or restrict Mr. Rehl's independent right to pursue relief, as each defendant's claims must be evaluated on their own merits. Fed. R. Crim. P. 12(b) permits "a party" to

raise any defense, objection, or request by pretrial motion, and is applicable individually in joint trials. Likewise, Rule 33 refers to "the defendant's" in the singular. The FRAP and local Court rules (see Rule 3) that allow joinder don't restrict individual Appellants from raising their own issues or motions on appeal. Because the Court expanded the allowable words in the co-Appellants' brief to 40,000 words for the joined cases, and other Appellant's extensions have been approved despite Mr. Rehl's opposition, the Government fails any showing here that the Appellants or it will be prejudiced by allowing the Motion to proceed.

Moreover, the government's opposition notably fails to address or rebut any of the substantive allegations in Rehl's motion as cause to deny his Motion, including the previously undiscoverable evidence of coercion of key witness Jeremy Bertino, as well as Brady violations, and the use of false testimony. This failure to contest the facts may be treated as a waiver for purposes of the motion, allowing the Court to accept the allegations as unopposed. While the Fed. R. Crim. P. do not specifically state that what is not opposed in a response is conceded, caselaw shows that this Court has the discretion to take that as a waiver. "Perhaps more important, we see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). *See, e.g., Brown v. Trustees of Boston Univ*., 891 F.2d 337, slip op. at 39 (1st Cir. 1989); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). As Zannino

held: arguments not meaningfully addressed in opposition are deemed waived. The

burden here must shift to the Government at district court in Rule 33 proceedings.

## II. THE NEW EVIDENCE REVEALS A PATTERN OF MISCONDUCT THAT DEMANDS REMAND

The Government's attempt to conflate Rule 33 and Rule 37 obfuscates the

issues they waived in responding. The Government's attempt to create an untenable

delay with circular proceedings to Mr. Rehl under the guise of "efficiency" can

only prejudice him when his Motion has merit. Bertino's August 4, 2025, affidavit

and supporting videos (available upon request) detail coercion by FBI Special

Agent Nicole Miller and prosecutors, including threats of 25 years' imprisonment

unless he altered his truthful proffer to fit a conspiracy narrative. This is not an

isolated incident but part of a broader pattern of misconduct in this case. Similar

allegations of intimidation and improper influence arose earlier with Adrienna

DiCioccio (a potential defense witness who was interviewed by the FBI and

prosecutors in 2021 regarding her knowledge of events, including her presence at a

January 5, 2021, gathering with defendants, and who later provided a sworn

declaration alleging threats of prosecution when her statements did not align with

the government's narrative) and Lieutenant Shane Lamond (a D.C. police officer

who communicated with defendant Enrique Tarrio and whose interactions

suggested selective prosecution and witness tampering). See, e.g., ECF No. 579

(Defendants' Joint Motion for Appointment of Special Master to Investigate Witness Tampering, including allegations regarding Adrienna DiCioccio's claims of government intimidation and threats of charges related to her own January 6 conduct); ECF No. 569 (Tarrio's Motion to Dismiss the Indictment if the Government Declines to Immunize Defense Witness Lieutenant Shane Lamond, centering on Lt. Shane Lamond's communications and alleged intimidation tactics); see also ECF No. 625 (Court's Memorandum Order denying related motions but acknowledging the allegations of government overreach).

This pattern was totally ignored in the Government's Response. The newly discovered Bertino evidence bolsters earlier assertions in the original district court motion filed March 6, 2025 (ECF No. 1066), which alleged outrageous government conduct, including Brady violations (nondisclosure of exculpatory evidence), entrapment through informants, presentation of false testimony, and jury intimidation. The newly discovered and not previously available evidence if known at the time would have changed the outcome of the trial. The district court denied the ECF 1066 motion as moot due to the pending appeal (ECF No.1068-1, March 20, 2025). The Government waived all the allegations in the Motion and tries to rely on a procedure that will add to the damages it has already caused Mr. Rehl. The new evidence shows the systemic misconduct that infected the entire trial and this needs to be adjudicated without any Rule 37 delay. The Motion and Supplement clearly demonstrate why under *Brady v. Maryland*, 373 U.S. 83 (1963)

and progeny, this matter needs to proceed immediately to district for either dismissal of all charges or a new trial.

Furthermore, the government's coercion and intimidation of witnesses, including Bertino, DiCioccio, and Lamond, violated Rehl's Sixth Amendment rights to confrontation and compulsory process by substantially interfering with witnesses' free choice to testify and preventing the presentation of exculpatory evidence. The Sixth Amendment guarantees the accused the right "to be confronted with the witnesses against him" and "to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. Prosecutorial threats and pressure that deter witnesses from testifying truthfully or at all deprive the defendant of the right to present a complete defense. See Webb v. Texas, 409 U.S. 95, 98 (1972) (per curiam) (holding that a trial judge's coercive threats to a potential defense witness violated the defendant's due process right to present his defense, rooted in the Sixth Amendment); Washington v. Texas, 388 U.S. 14, 19 (1967) (incorporating the right to compulsory process into the Fourteenth Amendment and emphasizing its fundamental role in ensuring a fair trial); see also United States v. Edmond, 52 F.3d 1080, 1109 (D.C. Cir. 1995) (recognizing that government intimidation of witnesses can violate a defendant's Sixth Amendment rights if it substantially interferes with the witness's decision to testify).

Because the government waived opposition to the truth of the matter regarding Bertino and other witnesses, where the newly discovered evidence not

previously available shows coercion and misconduct that infected the entire trial and its outcome, this Court must Grant Mr. Rehl's Motion. The Government retains its ability to avoid further embarrassment and to do the right thing for justice by requesting this Court approve a limited remand where the Government may file a Rule 48(a) Motion at district to dismiss the indictment and charges.

## III. REMAND WITH SPECIFIC INSTRUCTIONS ADDRESSES THE GOVERNMENT'S CONCERNS MORE EFFICIENTLY THAN AN INDICATIVE RULING

The government suggests Rehl pursue an indicative ruling under Rule 37(a) without remand, allowing the district court to signal its intent to preserve its appellate jurisdiction. However, a remedy for this concern is a limited remand, which will retain jurisdiction for this Court. The governments approach unnecessary prolongs proceedings and portends inefficiency. The trial court, without instructions and without knowing that this Court is awaiting a decision, has no requirement to proceed prior to the filing of briefs. The Government's suggestion will cause inefficiency since a Rule 33 decision prior to brief filing may ease the requirements for a joint brief and appendix.

This Court has broad authority to remand with specific instructions to the district court to grant a new trial or dismiss the case, resolving all concerns about judicial economy and consistency in one step – while this Court retains jurisdiction over the appeal. In a recent January 6th case in another circuit, the Court ordered:

> "*In our view, both pending motions require a determination of whether the pardon applies to Costianes' conviction . . . and "mindful that we are a court of review, not of first view," Lovelace v. Lee, 472 F.3d 174, 203 (4th Cir. 2006) (quoting Cutter v. Wilkinson, 544 U.S. 709, 718 n.7 (2005)), we remand to the district court for the limited purpose of considering the pending motions, and any other related motions the parties wish to make concerning the impact of the pardon on Costianes' conviction. This court will retain jurisdiction of the appeal.*"

USCA4 Appeal: 24-4543 Doc: 37 United States v. Elias Nick Costianes, Jr.

28 U.S.C. § 2106 gives appellate courts the authority to "affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances" This direct approach while retaining jurisdiction rather than the Government's roundabout

recommendation will avoid piecemeal litigation and ensure prompt justice. This direct approach avoids piecemeal litigation and ensures prompt justice given the commutation of Rehl's sentence and the pardon of co-defendant Tarrio's case.

Because Mr. Rehl's requested relief is more practical and is for the ends of justice, this Court should grant a limited remand with a specific purpose to the district court to conduct proceedings and rule on his Rule 33 Motion.

## **CONCLUSION**

The Government's argument conflating Rules 33 and 37 will create inefficiency, additional burdens on Mr. Rehl, and confusion for the timings for all Appellants. Under the Government's Response, assuming the court below indicates that the matter should be heard, (with no time constraint to request party briefs and decide) there is the possibility that the matter may not be decided prior to the February 2026 Appellants' brief. That will require either or both an indefinite, subsequent stay and amended briefs. Mr. Rehl's legally supported path provides more certainty and meets the ends of justice. Because Mr. Rehl meets the standards for his Motion under Rule 33, this Court should retain jurisdiction over his appeal and grant a remand with the specific purpose for the district court to rule on the Rule 33 Motion.

**WHEREFORE**, Appellant Rehl respectfully requests that this Court reject

the Response argument and grant Mr. Rehl a limited remand with specific instructions to the district court to rule on his Rule 33 Motion. In the interim the Court should add 30-days to the current delivery schedule for the briefs. In the alternative, the government retains the option of seeking a limited remand for a Rule 48(a) motion to dismiss the case with prejudice given the egregious prosecutorial violations and decision where in the public interest it will not further expend resources to prosecute.

Respectfully submitted,


/s/ Zachary Rehl

Zachary Rehl, Pro Se

[Redacted Address]

[Redacted Phone]

zachwrehl@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2025, I caused the foregoing Reply to be served on Appellee and Co-Appellants by the Court's electronic filing system where they are registered.

/s/ Zachary Rehl

Zachary Rehl, Pro Se

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned hereby

certifies that this brief complies with the type-volume limitation of Federal Rule of

Appellate Procedure 32(a)(7)(B)(i).

x

2. This brief complies with the requirements of Fed. R. App. P. 32(a)(5)

and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been

prepared in a proportionally spaced typeface using Microsoft Word in 14-point

Times New Roman font.

/s/ Zachary Rehl

Zachary Rehl, Pro Se