UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

No. 23-3162
(Consolidated with Nos. 23-3159, 23-3160, & 23-3161)

———————————

UNITED STATES OF AMERICA,                    Appellee,

v.

ZACHARY REHL,                                Appellant.

## OPPOSITION TO MOTION TO HOLD APPELLATE BRIEFING IN ABEYANCE

Appellant Zachary Rehl is one of four codefendants who were convicted at trial based on their participation in the events at the United States Capitol on January 6, 2021, and whose appeals have been consolidated in this Court (9/25/23 Order, *United States v. Nordean, et al.*, Case No. 23-3159 et al.).[1] On January 20, 2025, President Trump commuted the defendants' sentences "to time served as of January 20,

---

[1] A fifth codefendant at trial, Enrique Tarrio, was pardoned by President Trump. *See* Proclamation No. 10887, 90 Fed. Reg. 8331 (Jan. 29, 2025). On February 4, 2025, this Court granted the government's motion to vacate Tarrio's convictions and remanded his case to the district court with instructions to dismiss it as moot (2/4/25 Order, *United States v. Tarrio*, No. 23-3165).

2025[.]" Proclamation No. 10887, 90 Fed. Reg. at 8331. The defendants' joint opening brief on appeal is currently due April 13, 2026 (2/9/26 Order, *United States v. Nordean, et al.*, Nos. 23-3159 et al.).

On November 26, 2025, Mr. Rehl, who is proceeding pro se on appeal, moved to remand his case (and his case alone) to the district court so that he could file "motion for a new trial or, in the alternative, dismissal of the case with prejudice . . . based on newly discovered evidence of prosecutorial misconduct" (Appellant Zachary Rehl's Pro Se Motion for Remand at 1-2). On December 23, 2025, the Court denied that motion "without prejudice to [Mr. Rehl] filing in district court a motion for a new trial, requesting an indicative ruling, and renewing his motion to remand if the district court indicates that it is inclined to grant the motion for a new trial" (12/23/25 Order, *United States v. Nordean, et al.*, Nos. 23-3159 et al.). Mr. Rehl filed a pro se motion for a new trial in the district court on February 19, 2026 (see Docket Number 1081, *United States v. Nordean et al.*, No. 21-cr-175 (D.D.C.)). The government's response to that motion is currently due April 10, 2026 (3/23/26 Minute Order, *United States v. Nordean et al.*, No. 21-cr-175 (D.D.C.)).

2

Mr. Rehl now asks the Court either to hold this appeal in abeyance pending the district court's resolution of his motion for a new trial or to remand to the district court for purposes of ruling on his motion (Motion to Hold Appellate Briefing in Abeyance (Mot.) at 1-2). The United States respectfully opposes that motion.

Circuit Rule 47.5 provides that, "[a]bsent extraordinary circumstances, a direct criminal appeal will not be held in abeyance pending resolution of a postconviction proceeding in district court." *See also* D.C. Circuit Handbook of Practice and Internal Procedures 15 (2025) (same). Mr. Rehl identifies no extraordinary circumstances justifying holding this multi-defendant appeal in abeyance while he litigates his individual pro se motion for a new trial in the district court. Instead, Mr. Rehl asserts that holding the briefing in abeyance "will conserve judicial resources, prevent piecemeal litigation, and allow the district court to rule first on the motion that directly affects the validity of the conviction and sentence under appeal" (Mot. at 3). Not so. Mr. Rehl's codefendants have not joined in his motion for a new trial in the district court; thus, regardless of what happens with that motion, this Court will be required to address whatever issues the defendants chose to raise on appeal. *Cf.*

*United States v. Quinn*, 475 F.3d 1289, 1291 (D.C. Cir. 2007) (holding appeal in abeyance after oral argument pending defendant's motion for a new trial to "conserve judicial resources—neither needlessly remanding the case  . . . nor addressing issues on appeal that may ultimately be mooted by the grant of a new trial").

Moreover, given the slow pace of the briefing in this case—the defendants noticed their appeals in 2023 and have yet to file their opening brief, and the government will have six months to prepare its responsive brief even with no extensions—it is quite possible that the district court will decide Mr. Rehl's new trial motion while this appeal is still pending. If it does and Mr. Rehl does not prevail, he can appeal that order and move to have that appeal consolidated with this one, thus preserving judicial resources. *See United States v. DeCoster*, 487 F.2d 1197, 1204 (D.C. Cir. 1973) ("[I]f the trial court is willing to grant the motion [for a new trial], this court will remand. If the motion is denied, the appeal therefrom will be consolidated with the appeal from the conviction and sentence."). If the district court indicates its intention to grant Mr. Rehl's motion for a new trial, this Court can remand to the district court to grant that motion. *Id.* In neither scenario will this Court

expend unnecessary resources on an appeal that is on pace to be argued in 2027 at the earliest (see 2/9/26 Order, *United States v. Nordean, et al.*, Nos. 23-3159 et al. (setting briefing schedule with defendants' reply brief due January 11, 2027)).

The Court should also deny Mr. Rehl's alternative request to remand his case to the district court for purposes of ruling on his motion for a new trial (Mot. at 1-2). The Court denied an identical request by Mr. Rehl in December and should do so again for the same reasons. Granting Mr. Rehl's motion would require deconsolidation of his appeal from that of his three remaining codefendants and potentially result in two separate appeals from the same four-month trial, which would undermine judicial economy and needlessly result in the extra expenditure of scare resources. Moreover, as the Court recognized in denying Mr. Rehl's first motion to remand, it is also unnecessary for the Court to grant Mr. Rehl's motion for him to attempt to obtain the relief he seeks. Mr. Rehl has already moved for a new trial and the district court has ordered the government to respond. If, after briefing is completed, the district court indicates that it is inclined to grant Mr. Rehl's motion for a new trial, he may renew his motion to remand at that

time (see 12/23/25 Order, *United States v. Nordean, et al.*, Nos. 23-3159 et al. (citing, inter alia, Federal Rule of Criminal Procedure 37)). *See generally United States v. DeLeon*, No. 22-2036, 2025 WL 2793726, at *10 (10th Cir. Oct. 1, 2025) ("[A] Rule 37 motion for an indicative ruling provides a mechanism through which the district court may tentatively rule on—or may definitively deny—an underlying, embedded motion for a new trial while an appeal from that trial is already pending").

The government thus respectfully requests that the Court deny Mr. Rehl's motion to hold this appeal in abeyance or, in the alternative, to remand.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

CHRISELLEN R. KOLB
Assistant United States Attorney

/s/
DANIEL J. LENERZ, DC Bar 888283905
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
(202) 252-6829

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon Zachary Rehl, on this 1st day of April, 2026.

/s/
DANIEL J. LENERZ
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE WITH RULE 27(D)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 27(d)(2)(A) that the foregoing motion contains 1,128 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion was prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
DANIEL J. LENERZ
Assistant United States Attorney