# UNITED STATES COURT OF APPEALS

# FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 23-3162**

**(Consolidated with Nos. 23-3159, 23-3160, & 23-3161)**

**UNITED STATES OF AMERICA,**

*Appellee,*

**v.**

**ZACHARY REHL,**

*Appellant.*

## REPLY TO GOVERNMENT'S OPPOSITION TO EMERGENCY MOTION TO HOLD APPELLATE BRIEFING IN ABEYANCE (#2166217)

Appellant Zachary Rehl, proceeding pro se, respectfully replies to the Government's Opposition (#2166551) filed April 1, 2026.

The Government correctly recites Circuit Rule 47.5's presumption against abeyance, but this case presents the extraordinary circumstances the Rule contemplates. This consolidated appeal arises from the longest and one of the most significant January 6 prosecutions tried to date. Appellant's pending Rule 33 motion rests on newly discovered evidence that directly undermines the sole direct evidence of the alleged seditious conspiracy: the sworn affidavit and two formal lawyer-met video depositions of key government witness Jeremy Bertino (Exhibits A–C submitted to the district court, No: 1081).

This Court's own December 23, 2025 Order (Doc. #2151840) expressly directed Appellant to follow the Rule 37 process in the fashion he has now established. As this Court knows, the judicial process moves deliberately, often requiring patience from the parties. Motions that would have established an earlier timeline were filed in the district court as early as August (Pro Se motion. No 1072). The Rule 33 motion was filed with the district court as early as January 15, 2026, but due to various circumstances, remains pending awaiting the government reply as of April 2026. These facts — the centrality of the recantation to the conviction, the formal nature of the depositions, the significance of the case, and this Court's prior invitation — distinguish this matter to overcome Rule 47.5's presumption.

Abeyance (or limited remand) as already mentioned previously, but in addition to what's stated above, will conserve judicial resources and prevent piecemeal litigation by allowing the district court to resolve the Rule 33 motion first. This is because there is no guarantee that the district court will complete that litigation within six months — or even on any predictable schedule — given the potential for further delays. By contrast, holding the appeal in abeyance would give the district court a strong incentive to resolve the motion more promptly.

For all of these reasons, Appellant respectfully requests that the Court grant the pending emergency motion to hold appellate briefing in abeyance pending the district court's resolution of the Rule 33 motion.

Respectfully submitted,

**/s/ Zachary Rehl**

Zachary Rehl, Pro Se

mailto: zachwrehl@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 2nd, 2026, a copy of the foregoing Reply was served via CM/ECF electronic filing on counsel for the United States and counsel for co-appellants Ethan Nordean, Joseph Biggs, and Dominic Pezzola at their respective addresses of record.

**/s/ Zachary Rehl**

Pro Se