# UNITED STATES COURT OF APPEALS

# FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-3162

(Consolidated with Nos. 23-3159, 23-3160, & 23-3161)

**UNITED STATES OF AMERICA,**

*Appellee,*

**v. ZACHARY REHL,**

*Appellant.*

# SUPPLEMENT TO EMERGENCY MOTION TO HOLD APPELLATE

# BRIEFING IN ABEYANCE PENDING DISTRICT COURT RESOLUTION

# OF RULE 33 MOTION

# OR, IN THE ALTERNATIVE, FOR LIMITED REMAND PURSUANT TO

# FED. R. CRIM. P. 37

Appellant Zachary Rehl, proceeding pro se, respectfully files this supplement to his Emergency Motion to Hold Appellate Briefing in Abeyance (D.C. Cir. Doc. #2166217, filed March 30, 2026) and his Reply (D.C. Cir. Doc. #2166551, filed April 2, 2026). Two material developments have occurred since the Reply that directly strengthen the request for abeyance (or limited remand). On April 6, 2026, this Court, on its own motion, suspended the entire appellate briefing schedule pending further order (D.C. Cir. Doc. #2167217). Appellant

thanks the Court for that order, which already provides the practical relief originally sought.

On April 10, 2026 — after this Court's suspension order — the Government filed its response (D.D.C. ECF 1087) to Appellant's Rule 33 motion (D.D.C. ECF 1081) in the district court. That response does not address a single word of the newly discovered evidence (Jeremy Bertino's notarized affidavit and two video depositions detailing coercion and recanting testimony). Instead, the Government asks the district court to defer consideration indefinitely while the appeal proceeds. This is the precise outcome Appellant warned against in his Reply.

In its April 1, 2026 Opposition in this Court (D.C. Cir. Doc. #2166551), the Government argued that Appellant could simply file an amended opening brief later because reply briefs are not due for six months. Appellant replied that there is no guarantee the district court would rule within that (or any predictable) timeframe, and that only abeyance (or limited remand) would create the necessary incentive for prompt resolution. The Government's April 10 district-court filing — which seeks indefinite deferral — now proves Appellant's point. It demonstrates that, absent abeyance, the Government will continue to urge delay at every step, leaving the Rule 33 motion (which rests on powerful newly discovered evidence that goes to the heart of the seditious-conspiracy charge) in limbo.

This Court's April 6 suspension order already recognizes the need to pause briefing. Formal abeyance (or limited remand under Fed. R. Crim. P. 37) would

conserve judicial resources, prevent piecemeal litigation, give the district court a strong incentive to resolve the Rule 33 motion promptly, but more importantly, would be in the interests of justice.

**WHEREFORE,** Appellant respectfully requests that the Court (i) formally grant the motion to hold appellate briefing in abeyance pending the district court's resolution of the Rule 33 motion, or (ii) in the alternative, remand the case to the district court for the limited purpose of ruling on that motion pursuant to Fed. R. Crim. P. 37.

Respectfully submitted,

/s/ Zachary Rehl

Zachary Rehl, Pro Se

zachwrehl@gmail.com (mailto:zachwrehl@gmail.com)

## CERTIFICATE OF SERVICE

I hereby certify that on April 10th, 2026, a copy of the foregoing Supplement was served via CM/ECF electronic filing on counsel for the United States and counsel for co-appellants Ethan Nordean, Joseph Biggs, and Dominic Pezzola at their respective addresses of record.

/s/ Zachary Rehl

Pro Se