UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 23-3159
(Consolidated with Nos. 23-3160, 23-3161, & 23-3162)

_____

UNITED STATES OF AMERICA,                               Appellee,

v.

ETHAN NORDEAN, ET AL.,                               Appellants.

### UNOPPOSED MOTION TO VACATE CONVICTIONS AND TO REMAND FOR DISMISSAL WITH PREJUDICE

This is a consolidated appeal involving four defendants convicted of crimes related to events that occurred at or near the United States Capitol on January 6, 2021: Ethan Nordean, Joseph Biggs, Zachary Rehl, and Dominic Pezzola. The briefing schedule in this case is currently suspended. The government respectfully requests that, before the defendants are required to file their opening brief, the Court vacate their convictions under 28 U.S.C. § 2106 and remand so that the government may move to dismiss the indictment with prejudice under Federal Rule of Criminal Procedure 48(a). *See generally United States v. Thorpe*, 148 F.4th 768, 776 (D.C. Cir. 2025) ("In *Rinaldi* [*v. United States*, 434 U.S.

1

22, 25 n.8 (1977)], the Supreme Court recognized that appellate courts have authority to vacate a district court's judgment and remand 'to allow the Government to dismiss the indictment.' The Court grounded its authority to vacate a judgment in 28 U.S.C. § 2106[.]"). The undersigned has contacted the attorneys for each of the defendants and Mr. Rehl (who is representing himself), and they have indicated that they do not oppose this motion.

Vacatur of the defendants' convictions is "just under the circumstances," § 2106, because the United States has determined in its prosecutorial discretion that dismissal of this criminal case is in the interests of justice. *See generally United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (2016) ("[D]ecisions to dismiss pending criminal charges— no less than decisions to initiate charges and to identify which charges to bring—lie squarely within the ken of prosecutorial discretion."). On January 20, 2025, President Trump commuted the defendants' sentences "to time served as of January 20, 2025[.]" Proclamation No. 10887, 90 Fed. Reg. at 8331. In the Executive Branch's view, it is not in the interests of justice to continue to prosecute this case or the cases of other, similarly situated defendants. The United States is thus also filing

similar motions in two other consolidated appeals: *United States v. Harrelson et al.*, No. 23-3089 et al., and *United States v. Minuta et al.*, No. 23-3092 et al.

The government's motion to vacate in this case is consistent with its practice of moving the Supreme Court to vacate convictions in cases where the government has decided in its prosecutorial discretion that dismissal of a criminal case is in the interests of justice—motions that the Supreme Court routinely grants. *See, e.g.*, *Rinaldi*, 434 U.S. at 32; *Petite v. United States*, 361 U.S. 529, 531 (1960); *Watts v. United States*, 422 U.S. 1032, 1032 (1975); *Blucher v. United States*, 439 U.S. 1061, 1061 (1979); *Bronsozian v. United States*, No. 19-6220, 2020 WL 1906543, at *1 (U.S. Apr. 20, 2020); *Bannon v. United States*, No. 25-453, 2026 WL 922515, at *1 (U.S. Apr. 6, 2026).

3

Wherefore, the United States respectfully requests that the Court vacate the defendants' convictions and remand to the district court so that the government may move to dismiss the indictment with prejudice under Rule 48(a).

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

CHRISELLEN R. KOLB
Assistant United States Attorney

|                        /s/                        |
| :---: |

DANIEL J. LENERZ, DC Bar 888283905
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
(202) 252-6829

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, on this 14th day of April, 2026.

/s/

DANIEL J. LENERZ
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE WITH RULE 27(D)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 27(d)(2)(A) that the foregoing motion contains 509 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion was prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/

DANIEL J. LENERZ
Assistant United States Attorney

1