**NOT YET SCHEDULED FOR ORAL ARGUMENT**
Nos. 23-3159, 23-3160, 23-3161, 23-3162 (Consolidated)

———————————

# United States Court of Appeals
# for the District of Columbia Circuit

———————————

**UNITED STATES OF AMERICA,**
*Plaintiff-Appellee,*

**v.**

**ETHAN NORDEAN, et al.,**
*Defendants-Appellants.*

———————————

On Appeal from the United States District Court
for the District of Columbia

Nos. 1:21-cr-00175 (TJK)-1, 1:21-cr-00175 (TJK)-2,
1:21-cr-00175 (TJK)-3, 1:21-cr-00175 (TJK)-6

———————————

**MOTION OF REPRESENTATIVE JAMIE RASKIN
FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*
REQUESTING COURT-APPOINTED *AMICUS***

Justin M. Sher
Douglas R. Jensen
Rebecca Prager
SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, NY 10004
Tel.: (212) 202-2600
jsher@shertremonte.com

*Attorneys for* Amicus Curiae
*Representative Jamie Raskin*

**MOTION OF REPRESENTATIVE JAMIE RASKIN
FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF
REQUESTING COURT-APPOINTED *AMICUS***

1. Pursuant to Rule 29 of the Federal Rules of Appellate Procedure, U.S. Representative Jamie Raskin respectfully moves for leave to file the attached brief, as *amicus curiae*, requesting the appointment of *amicus curiae* in opposition to the Government's Unopposed Motion to Vacate Convictions and to Remand for Dismissal with Prejudice. ECF No. 2168667. The proposed brief is attached.

2. Representative Jamie Raskin (MD-08) is the Ranking Member of the United States House of Representatives Committee on the Judiciary. Through this role, Representative Raskin exercises legislative and oversight jurisdiction over the Department of Justice, the federal judiciary, and the administration of justice.

3. As a member of the institution that Defendants-Appellants attacked on January 6, 2021, and as someone who was personally present in the Capitol on that day and was forced to evacuate and shelter in safe rooms to avoid physical harm and death,

Representative Raskin has significant institutional and personal interests in this matter.

4.    Representative Raskin's brief will assist the Court in determining whether an *amicus* should be appointed to provide adversarial briefing on the Government's motion to vacate. Absent such an appointment, as discussed in the Brief, no party before this Court will be defending the judgments below, and the Court will lose the benefit of a full discussion of the significant legal issues involved.

5.    The attached brief has been timely filed under the Federal Rules of Appellate Procedure and the Rules of this Court.

6.    For the foregoing reasons, Representative Raskin requests that the Court grant leave to file the attached *amicus* brief.

Dated:        April 17, 2026        Respectfully submitted,

/s/ *Justin M. Sher*
Justin M. Sher
Douglas R. Jensen
Rebecca Prager
SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, NY 10004
Tel.: (212) 202-2600
jsher@shertremonte.com

*Attorneys for* Amicus Curiae
*Representative Jamie Raskin*

3

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Century Schoolbook font. The motion complies with the type-volume limitations of Rule 27(d)(2)(A) because it contains 259 words.

Dated:     April 17, 2026                     /s/ *Justin M. Sher*

Justin M. Sher
*Attorney for* Amicus Curiae
*Representative Jamie Raskin*

4

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the Court's CM/ECF system on April 17, 2026.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.


Dated:     April 17, 2026          /s/ *Justin M. Sher*

                                   Justin M. Sher
                                   *Attorney for* Amicus Curiae
                                   *Representative Jamie Raskin*

5

**NOT YET SCHEDULED FOR ORAL ARGUMENT**
Nos. 23-3159, 23-3160, 23-3161, 23-3162 (Consolidated)

———————————

# United States Court of Appeals for the District of Columbia Circuit

———————————

**UNITED STATES OF AMERICA,**
*Plaintiff-Appellee,*

**v.**

**ETHAN NORDEAN, et al.,**
*Defendants-Appellants.*

———————————

On Appeal from the United States District Court
for the District of Columbia

Nos. 1:21-cr-00175 (TJK)-1, 1:21-cr-00175 (TJK)-2,
1:21-cr-00175 (TJK)-3, 1:21-cr-00175 (TJK)-6

———————————

**BRIEF OF *AMICUS CURIAE* REPRESENTATIVE JAMIE
RASKIN REQUESTING COURT-APPOINTED *AMICUS***

Justin M. Sher
Douglas R. Jensen
Rebecca Prager
SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, NY 10004
Tel.: (212) 202-2600
jsher@shertremonte.com

*Attorneys for* Amicus Curiae
*Representative Jamie Raskin*

## <u>CERTIFICATE AS TO PARTIES, RULINGS,<br>AND RELATED CASES</u>

Pursuant to D.C. Circuit Rule 28(a)(1), the undersigned certifies as follows:

### A. Parties and Amici

Except for the following, all parties, intervenors, and *amici* appearing in this Court are listed in the Government's Unopposed Motion to Vacate Convictions and to Remand for Dismissal with Prejudice:

*Amicus curiae* is Representative Jamie Raskin.

### B. Rulings Under Review

References to the rulings at issue appear in the Government's Unopposed Motion to Vacate Convictions and to Remand for Dismissal with Prejudice.

### C. Related Cases

This case has not previously been before this court. This Court has consolidated *United States v. Nordean*, No. 23-3159, with three related appeals: (1) *United States v. Pezzola*, No. 23-3160; (2) *United States v. Biggs*, No. 23-3161; and (3) *United States v. Rehl*, No. 23-3162.

Dated:     April 17, 2026            /s/ *Justin M. Sher*

Justin M. Sher
*Attorney for* Amicus Curiae
*Representative Jamie Raskin*

ii

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rules 26.1 and 29(b), counsel for *amicus curiae* states that no party to this brief is a publicly held corporation, issues stock, or has a parent corporation.

Dated:     April 17, 2026                    /s/ *Justin M. Sher*

                                             Justin M. Sher
                                             *Attorney for* Amicus Curiae
                                             *Representative Jamie Raskin*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................v

INTEREST OF *AMICUS CURIAE*.............................................................1

INTRODUCTION & SUMMARY OF ARGUMENT................................2

ARGUMENT ....................................................................................................6

  I.  The Court Should Exercise Its Inherent Authority to Appoint
an *Amicus Curiae* to Reach a Fair and Just Result on These
Extraordinary Motions..............................................................................6

  II.  The Government's Motions Here Warrant Scrutiny That
Only Adversarial Briefing Can Provide.............................................8

CONCLUSION ..............................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Dorsey v. United States,*
   567 U.S. 260 (2012) ...................................................................6

*In re Flynn,*
   973 F.3d 74 (D.C. Cir. 2020) ...........................................5, 6

*Rinaldi v. United States,*
   434 U.S. 22 (1977) .....................................................................9

*Seila Law LLC v. CFPB,*
   591 U.S. 197 (2020) ..............................................................4, 6

*United States v. Adams,*
   348 F.R.D. 408 (S.D.N.Y. 2025) .......................................5, 6

*United States v. Ammidown,*
   497 F.2d 615 (D.C. Cir. 1973) ...........................................9, 10

*United States v. Blaszczak,*
   56 F.4th 230 (2d Cir. 2022) ....................................................9

*United States v. Cowan,*
   524 F.2d 504 (5th Cir. 1975) ..................................................9

*United States v. Derr,*
   726 F.2d 617 (10th Cir. 1984) ..............................................10

*United States v. Fokker Services B.V.,*
   818 F.3d 733 (D.C. Cir. 2016) ...............................................8

*United States v. Russell,*
   600 F.3d 631 (D.C. Cir. 2010) ...............................................9

*United States v. Salinas,*
   693 F.2d 348 (5th Cir. 1982) ................................................10

*United States v. Vasquez,*
  85 F.3d 59 (2d Cir. 1996) ....................................................................9

*Young v. United States,*
  315 U.S. 257 (1942) ................................................................... 4, 8, 9

**Statutes**

18 U.S.C. § 2384 ...............................................................................11

**Rules**

Federal Rule of Criminal Procedure 48(a)..............................................7

**Other Authorities**

Ryan J. Reilly & Kyla Guilfoil, *Trump Administration Moves to Toss
  Remaining Jan. 6 Convictions, Clearing Proud Boys and Oath
  Keepers,* NBC News (Apr. 15, 2026, 1:31 PM),
  https://www.nbcnews.com/politics/trump-administration/doj-moves-
  toss-remaining-jan-6............................................................................11

## INTEREST OF *AMICUS CURIAE*

*Amicus* is Representative Jamie Raskin (MD-08), Ranking Member of the United States House of Representatives Committee on the Judiciary. *Amicus* exercises legislative and oversight jurisdiction over the Department of Justice, the federal judiciary, and the administration of justice.

*Amicus* has institutional and personal interests in this case. Defendants-Appellants were convicted of serious crimes, including seditious conspiracy, for leading a violent attack on the United States Capitol on January 6, 2021. Unanimous juries found beyond a reasonable doubt that the purpose of that attack was to obstruct Congress from performing its constitutional duty to certify the results of a presidential election under the Twelfth Amendment and the Electoral Count Act. *Amicus* was personally present in the Capitol that day; he was threatened with physical harm and death by Defendants-Appellants, and he and his colleagues were forced to halt the constitutionally-mandated certification processes, evacuate the House floor, and shelter in safe rooms inside the Capitol. He is also a member of the institution that Defendants-Appellants were convicted of attacking. And he has an

institutional interest to ensure that Executive Branch efforts to undo final judicial judgments that bear directly on Congress' constitutional electoral certification role are carefully examined by the Judicial Branch.[1]

## INTRODUCTION & SUMMARY OF ARGUMENT

On April 14, 2026, the Department of Justice filed motions asking this Court to vacate the criminal convictions of twelve defendants ("Defendants-Appellants") who organized and led the worst mass attack on the United States Capitol since the War of 1812. Defendants-Appellants are leaders of two extremist groups, the Proud Boys and Oath Keepers. They amassed weapons, established paramilitary chains of command, recruited and marshaled their insurrectionist followers, and personally led the breaches of the Capitol that resulted in 140 law enforcement officers being beaten, crushed, sprayed with chemical agents, wounded, and hospitalized. After months-long trials, unanimous juries convicted Defendants-Appellants of serious crimes including

---

[1] No counsel for any party authored this brief in whole or in part. No party or their counsel, or any person other than *amicus* or his counsel, contributed money that was intended to fund this brief.

seditious conspiracy—conspiracy to oppose by force the authority of the United States government. Sentencing judges applied federal terrorism enhancements to calculate the applicable sentencing ranges. Even this President, who pardoned nearly 1,600 other January 6 defendants upon taking office, declined to pardon these defendants and commuted their sentences instead.

Now the Department of Justice, the very Department that prosecuted these cases and proved Defendants-Appellants' guilt beyond a reasonable doubt, is asking this Court to erase those verdicts and convictions as though they had never happened. The Government's only stated justification is the comically conclusory statement that "the government has determined in its prosecutorial discretion that dismissal of this criminal case is in the interests of justice." The Department has deployed that same circular reasoning to vacate Steve Bannon's contempt of Congress conviction, as well as in other recent post-conviction dismissal motions in cases involving President Trump's political allies and supporters.

As a result, no party before this Court is defending the judgments below. The Government seeks to disable the Article III adversarial

3

process on which this Court's decision-making depends. *See Seila Law LLC v. CFPB*, 591 U.S. 197, 209 (2020). The established path forward is for this Court to appoint an *amicus* to present opposing argument and defend the judgment being ambushed. *Amicus* respectfully urges this Court to exercise its inherent authority to do so here before ruling on the motions.

The unusual procedural posture and substantive gravity of the Government's motions justify that measure. The Government's motions ask this Court to vacate final judgments of conviction long after trial and sentencing. Under such circumstances, the Court's "judicial obligations compel [it] to examine independently" the Government's motion because "the proper administration of the criminal law cannot be left merely to the stipulation of parties." *Young v. United States*, 315 U.S. 257, 258–59 (1942).

Those principles are especially compelling here because of the extraordinary circumstances surrounding these cases. *Amicus* recognizes that litigants may ordinarily resolve their disputes out of court, and that applicable case law affords the government considerable prosecutorial discretion in both civil and criminal matters. *Amicus* respects the

4

important role that such resolutions play in our adversarial system and under ordinary circumstances would not seek the relief requested here.

But this is no ordinary case, and these are no ordinary circumstances. The Government's conclusory rationale, its pattern of making similar self-serving motions in other cases involving President Trump's allies, the public statements of Department leadership characterizing these motions in expressly partisan terms, and the gravity of the seditious-conspiracy convictions here all militate strongly towards the appointment of an *amicus*. Indeed, those factors weigh even more heavily towards appointing an *amicus* than they did in *In re Flynn*, 973 F.3d 74 (D.C. Cir. 2020) (en banc), and *United States v. Adams*, 348 F.R.D. 408, 409 (S.D.N.Y. 2025), where courts appointed *amici* on pretrial motions to dismiss.

The questions these motions raise are weighty and the Court should hear full adversarial briefing before resolving them. *Amicus* respectfully requests that the Court appoint an *amicus curiae* to provide adversarial briefing on the Government's motion to vacate.

## ARGUMENT

### I.    The Court Should Exercise Its Inherent Authority to Appoint an *Amicus Curiae* to Reach a Fair and Just Result on These Extraordinary Motions.

The Court has inherent authority to appoint *amicus* counsel, and this case is a paradigm for when it should exercise that authority. Federal courts possess inherent authority to appoint *amici curiae* "'to assist their decision-making . . . including in criminal cases and even when the movant is the government.'" *Adams*, 348 F.R.D. at 409 (quoting *In re Flynn*, 973 F.3d at 81). The Supreme Court itself routinely exercises that authority. *See, e.g.*, *Seila Law LLC*, 591 U.S. at 209; *Dorsey v. United States*, 567 U.S. 260, 272 (2012). And this Court, sitting en banc, expressly declined to disturb Judge Sullivan's appointment of *amicus* to help evaluate a similarly unopposed government motion to dismiss a criminal prosecution. *In re Flynn*, 973 F.3d at 77–78.

The Court should exercise that authority here. Indeed, the remarkable procedural posture of these cases makes appointment of *amicus* even more compelling than it was in *Flynn* or *Adams*. Both of those cases involved pretrial motions to dismiss where the question was whether to halt a *pending* prosecution. Here, by contrast, juries actually

6

heard evidence across months-long trials and unanimously convicted Defendants-Appellants of multiple felonies (including seditious conspiracy), for which judges have already sentenced them to substantial prison time. The public's interest in preserving those final judgments is plainly substantial and, accordingly, so is the Court's obligation to scrutinize the Government's inscrutable request for their vacatur.

The legal questions the motions present are significant and the Government's motions do not begin to engage them. Federal Rule of Criminal Procedure 48(a), by its terms, addresses dismissals of indictments before or during trial in the district court. The Government is not moving under Rule 48(a) here. It instead makes a bare request for an Article III court to vacate an Article III judgment, citing the conclusory "interests of justice" formulation and assuming that this Court will robotically grant the relief requested. A Court-appointed *amicus* can ensure that the relevant legal questions around the proper framework for assessing whether to vacate under these circumstances are fully briefed before the Court responds.

7

**II.    The Government's Motions Here Warrant Scrutiny That Only Adversarial Briefing Can Provide.**

The Government's motions rest on an assumption that principles of prosecutorial discretion govern this Court's review. But the authority the Government principally relies on, *United States v. Fokker Services B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016), addresses only prosecutorial discretion over the decision whether to dismiss pending charges. It did not involve a *final judgment of conviction after a jury trial*, and accordingly does not speak directly to the question at play here.

More pertinent here is *Young*. On appeal from a criminal conviction for a non-violent offense, the Solicitor General confessed error in the case, which featured facts far more sympathetic to the defendant, and asked the Supreme Court to reverse. *Young*, 315 U.S. at 257–59. The Court refused to do so without independent examination:

> The considered judgment of the law enforcement officers that reversible error has been committed is entitled to great weight, but our judicial obligations compel us to examine independently the errors confessed. . . . The public interest that a result be reached which promotes a well-ordered society is foremost in every criminal proceeding. That interest is entrusted to our consideration and protection as well as that of the enforcing officers. Furthermore, our judgments are precedents, and the proper administration of the criminal law cannot be left merely to the stipulation of parties.

8

*Id.* at 258–59 (citations omitted); *see also Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977). Courts of appeals routinely apply *Young* to this day. *See, e.g.*, *United States v. Blaszczak*, 56 F.4th 230, 242 (2d Cir. 2022); *United States v. Russell*, 600 F.3d 631, 636–37 (D.C. Cir. 2010); *United States v. Vasquez*, 85 F.3d 59, 60 (2d Cir. 1996).

That principle controls here. Indeed, the Government in *Young* at least admitted that reversible error had occurred; here, the Government's motions concede no error at all. They identify no legal or factual defects in the verdicts, no intervening changes in law, and no new evidence; they instead rest solely on a threadbare invocation of prosecutorial discretion. If *Young* requires courts to examine a substantive confession of error, it certainly requires them to examine the type of completely barren request the Government makes here.

*Young*'s rule reflects the same concern that animated Rule 48(a)'s "leave of court" requirement. This provision was intended "to clothe the federal courts with a discretion broad enough to protect the public interest in the fair administration of criminal justice." *United States v. Cowan*, 524 F.2d 504, 512 (5th Cir. 1975); *see also United States v.*

9

*Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973). "[W]e do not think Rule 48(a) intends the trial court to serve merely as a rubber stamp for the prosecutor's decision." *Ammidown*, 497 F.2d at 622. And even in the Rule 48(a) setting, with deference to prosecutorial discretion at its highest, courts have required more than the bare invocation of "the interests of justice." A "mere conclusory interest" is "insufficient in and of itself to support a dismissal." *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) (quotation marks omitted); *see also United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984). The Government's motions here are conclusory in just that way.

The circumstances of the Government's motions here make them seriously suspect of pretext. By erasing the convictions for precisely the defendants that the President carved out of his day-one mass pardon, the Government's motions, if granted, would achieve a political result the President wants but lacks the will to effectuate himself through clemency. The Department's political leadership has been unusually candid about the undeniable political motivation at work: a Department spokesperson described the motions as "end[ing] these years-long, Biden-era weaponized prosecutions" and confirmed that "President Trump

demanded we stop the two-tiered injustice—and we are delivering. No more rigged system." Ryan J. Reilly & Kyla Guilfoil, *Trump Administration Moves to Toss Remaining Jan. 6 Convictions, Clearing Proud Boys and Oath Keepers*, NBC News (Apr. 15, 2026, 1:31 PM), https://www.nbcnews.com/politics/trump-administration/doj-moves-toss-remaining-jan-6-convictions-clearing-proud-boys-oath-ke-rcna331864 (quotation marks omitted). Those are flagrantly political and partisan motivations, and an *amicus* is needed to assess the motions' legal merits.

The gravity of the offenses committed by Defendants-Appellants further weighs on behalf of independent review. The juries in these cases found beyond a reasonable doubt that these defendants conspired "to oppose by force the authority of the Government of the United States." 18 U.S.C. § 2384. Defendants-Appellants worked to organize a bloody breach of the Capitol designed to support a political scheme to block the certification of a presidential election. The verdicts under attack here vindicated the most solemn public interest a constitutional republic has: its interest in punishing organized violence against its own democratic processes and institutions. This Court should not allow these convictions

11

to be vacated and erased without the painstaking judicial examination that appointment of an *amicus* would enable.

## CONCLUSION

*Amicus* respectfully urges the Court, before ruling on the Government's motions to vacate the convictions and dismiss the indictments with prejudice, to exercise its inherent authority to appoint an *amicus curiae* to present arguments in opposition to the motions.

Dated:    April 17, 2026               Respectfully submitted,

/s/ *Justin M. Sher*
Justin M. Sher
Douglas R. Jensen
Rebecca Prager
SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, NY 10004
Tel.: (212) 202-2600
jsher@shertremonte.com

*Attorneys for* Amicus Curiae
*Representative Jamie Raskin*

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 29(a)(5) and 32(a)(7) because the brief contains 2,092 words, excluding the parts of the brief exempt by Federal Rule of Appellate Procedure 32(f) and Circuit Rule 32(e)(1). This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Century Schoolbook font.

Dated:     April 17, 2026                    /s/ *Justin M. Sher*

                                             Justin M. Sher
                                             *Attorney for* Amicus Curiae
                                             *Representative Jamie Raskin*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the Court's CM/ECF system on April 17, 2026.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated:      April 17, 2026                    /s/ *Justin M. Sher*

                                                      Justin M. Sher
                                                      *Attorney for* Amicus Curiae
                                                      *Representative Jamie Raskin*

14