# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Appellee | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 23-3159 |
| ETHAN NORDEAN et al | ) | (Consolidated with Nos. |
| | ) | 23-3160, 23-3161, & |
| | ) | 23-3162) |
| | ) | |
| Appellants | ) | |

# MEMORANDUM OF LAW OF AMICUS CURIAE JOHN H. PAGE

# IN OPPOSITION TO APPELLLE'S

# 'UNOPPOSED MOTION TO VACATE CONVICTIONS AND TO REMAND FOR DISMISSAL WITH PREJUDICE'

**TABLE OF CONTENTS**

Page(s)

I.    INTEREST AND OPINION OF AMICUS ................................................................ 4

II.   UNCONSTITUTIONALITY ................................................................................... 5

III.    ETHICS VIOLATIONS ....................................................................................... 9

IV.  UNITED STATES INTERESTS ............................................................................ 10

TABLE OF AUTHORITIES

Page(s)

**Cases**

*Colorado Case 23SA300 Anderson v. Griswold*..................................... 6, 11
*Trump v. United States*, 603 U.S. ___ (2024)..............................11
*United States v. Mitchell*, 377 F. Supp. 1326 (D.D.C. 1974)..................................4
House report "Select Committee to Investigate the January 6th Attack on the United States Capitol", dated December 22, 2022, 117th Congress Second Session, House Report 117-663"..........................................................6

**Constitutional Law**

*U.S. Const. art. II*..................................................... 5, 8
*U.S. Const. art. III*..................................................5, 8
*U.S. Const. Art. IV § 1* ..............................................*6, 10*
Federalist Papers 9, 10, 11, 14, 15, 16, 27, 28, 29, 43, 45, 51, 61, 65, 70, 71, 73, 74 and 85..................................................5, 8

**Statutes and Rules**

*18 U.S.C. § 2*..................................................... 11
*28 U.S.C. § 1738*.................................................. 10
*28 U.S.C. § 2383*.................................................. 4, 11
Federal Rules of Criminal Procedure 48(a). ..................................4
DC Bar Rule 1.7 (b)..................................................9

## I. INTEREST AND OPINION OF AMICUS

1. **Introduction.** Appellee's so-called "UNOPPOSED MOTION TO VACATE CONVICTIONS AND TO REMAND FOR DISMISSAL WITH PREJUDICE" (the "Motion") invokes Federal Rule of Criminal Procedure 48(a) which requires leave of the court. This Court should not grant leave because the request:

    i)    is unconstitutional;

    ii)   violates the ethics required by this Court; and

    iii)  circumvents the interests of the United States.

2. **About.** Amicus John Page has been a resident taxpayer of Columbia for over 20 years. He works with technology companies and is the recipient of multiple patents from the USPTO. Amicus has previously sought civil relief against Donald J. Trump under *18 U.S.C. §2383* but has no parens patriae.

3. **The Standard of Review** is suggested as denovo. There is no other case where a President's personal lawyer has sought to terminate a Department of Justice case against a President's co-conspirators. It does not exactly fit the bill but *United States v. Mitchell*, 377 F. Supp. 1326 (D.D.C. 1974) has parallels in the suppression of evidence surrounding events implicating a sitting President that involved his U.S. Attorney General accomplice. The instant Motion fails to inform this Court of the connections between adjudged insurrectionist Donald J. Trump, his personal attorney and the defendants' criminality.

4

## II. UNCONSTITUTIONALITY

1. The U.S. Constitution was design to avoid capture of the United States by a faction and/or by insurrection. The intent in the U.S. Constitution is expressed numerously in the Federalist Papers written by the Founding Fathers including Hamilton, Madison and Jay. The Founders expressed their fears and debated insurrection and factions in Federalist Papers 9, 10, 11, 14, 15, 16, 27, 28, 29, 43, 45, 51, 61, 65, 70, 71, 73, 74 and 85. The Separation of Powers is a key doctrine and in this case it appears that *art. II* prosecutorial powers are being used against the interests of the United States. Amicus also notes the dissonance with use of that same prosecutorial power to try and deny the People's free speech[1].

2. The key driving force in the subject seditious conspiracy was Donald J. Trump who now occupies the Office of President and thus has full control over the Executive Branch which includes the agency that filed the supposedly unopposed motion; this situation gives rise to impermissible conflicts in this Court.

3. Where the United States Government is a party and no pleading has been made on its behalf, the Court itself under its *art. III* constitutional oaths must rule in the interests of the United States and not an insurrectionist faction.

---

[1] https://www.brennancenter.org/our-work/research-reports/department-justices-broken-accountability-system

4. **Donald J. Trump is an adjudicated insurrectionist.** The findings of fact and conclusions of law that Donald J. Trump was found to have engaged in insurrection under the United States Constitution were confirmed by the the Supreme Court of Colorado in *Case 23SA300 Anderson v. Griswold* after a 5 day trial and appeal[2] (emphasis added):

> "President Trump did not merely incite the insurrection.. Even when the siege on the Capitol was fully underway, he continued to support it by repeatedly demanding that Vice President (Mike) Pence refuse to perform his constitutional duty and by calling Senators to persuade them to stop the counting of electoral votes. **These actions constituted overt, voluntary, and direct participation in the insurrection.**" "We conclude that the foregoing evidence, the great bulk of which was undisputed at trial, established that **President Trump engaged in insurrection..**"

4. *U.S. Const. Art. IV § 1* and *28 U.S.C. § 1738* require this Court to give full faith and credit to the *Anderson v. Griswold* court's findings which are res judicata and based on trustworthy evidence including the 845 page Congressional report "Select Committee to Investigate the January 6th Attack on the United States Capitol", dated December 22, 2022, 117th Congress Second Session, House Report 117-663 (the "J6 House Report").

5. **Appellants and Donald J. Trump are co-conspirators.** The J6 House Report informing the *Anderson v. Griswold* conclusions mentions "Trump" 3,823 times,

---

[2] While the appeal *Trump v. Anderson 601 U. S. _____ (2024)* reversed the Colorado order striking Trump from the ballot, it did not vacate or question the findings.

Appellant Ethan Nordean 54 times, Appellant Joseph Biggs 65 times, Appellant

Zachary Rehl 6 times and Appellant Dominic Pezzola 12 times.

5.  **Appellant's Roles.**  The following is an example quote from the J6 House Report

describing Appellants' roles in Trump's insurrection:

> "Chapter 8 of this report documents how the Proud Boys led the attack, penetrated the Capitol, and led hundreds of others inside. Multiple Proud Boys reacted immediately to President Trump's December 19th tweet and began their planning. Immediately, Proud Boys leaders reorganized their hierarchy, with Enrique Tarrio, Joseph Biggs, and Ethan Nordean messaging groups of Proud Boys about what to expect on January 6th.[329] Tarrio created a group chat known as the Ministry of Self-Defense for hand selected Proud Boys whom he wanted to "organize and direct" plans for January 6th.[330] On social media, Tarrio referenced "revolt" and "[r]evolution," and conspicuously asked "What if we invade it?" on Telegram.[331] As of December 29, 2020, Tarrio told the group the events on January 6th would be "centered around the Capitol." [332]
>
> At the time of publication of this report, prosecutions of certain Proud Boys are ongoing. To date, one Proud Boy has pled guilty to seditious conspiracy and other Proud Boys have pled guilty to other crimes, including conspiracy to obstruct Congress.[333] Jeremy Bertino, a Proud Boy who pled guilty to seditious conspiracy, admitted that he understood from internal discussions among the Proud Boys that in the leadup to January 6, the willingness to resort to unlawful conduct increasingly included a willingness to use and promote violence to achieve political objectives.[334]
>
> Moreover, Bertino believed that the 2020 election had been "stolen" and, as January 6, 2021, approached, believed that drastic measures, including violence, were necessary to prevent Congress from certifying the Electoral College Vote on January 6, 2021. Bertino made his views in this regard known publicly, as well as in private discussions with MOSD leadership. Bertino understood from his discussions with MOSD leadership that they agreed that the election had been stolen, that the purpose of

7

traveling to Washington, D.C., on January 6, 2021, was to stop the certification of the Electoral College Vote, and that the MOSD leaders were willing to do whatever it would take, including using force against police and others, to achieve that objective.[335]

As set out in Bertino's plea agreement, members of MOSD:

openly discussed plans for potential violence at the Capitol [. . . and] members of MOSD leadership were discussing the possibility of storming the Capitol. Bertino believed that storming the Capitol would achieve the group's goal of stopping Congress from certifying the Electoral College Vote. Bertino understood that storming the Capitol or its grounds would be illegal and would require using force against police or other government officials.[336]

6. *Art III* powers are for the administration of justice according to the U.S. Constitution. *Art. II* impeachment is the main means of dealing with high crimes and misdemeanors and bad behavior. However, impeachment is not in play at the current time and this Court should not allow Rule 48(a) to be used to negate or pre-empt the impeachment powers of Congress regarding Donald J. Trump's adjudged insurrection. Such would be to allow abuse of the Office of President of the United States to expunge his co-conspirator's records and thus eliminate part of the record against his person. This is not in the interests of the United States or its judiciary.

## III.  ETHICS VIOLATIONS

7. DC Bar Rule 1.7 (b) and especially sub-paragraph (1) expressly forbid the representation of clients with different positions in the same matter,  The Motion provides no informed consent from the United States nor could there be because that consent in itself would violate the rules of informed consent; the occupant of the Office of President is a co-conspirator but cannot give himself permission to break the law.  Under Rule 1.7 comment 19, it is expressly the Lawyer's Duty to Make Inquiries to Determine Potential Conflict but there is no showing in the Motion that this has been done.  Either way, this places the court in the position of acting in the interests of the United States.

8. The U.S. Attorney General Todd Blanche directs all U.S. Attorneys including Ms. Pirro.  Mr. Blanche represented Trump personally and prior to being appointed Acting U.S. Attorney General. This court should be circumspect and not assume their activity is solely in the interests of the United States[3].

9. The Motion cites 28 U.S.C. § 2106 as a sound basis for vacation of the relevant judgments but it is subject to review by the court, it is not a right.  That review should include the conflicts against the United States.

---

[3] https://www.politico.com/news/magazine/2026/02/15/jeanine-pirro-indict-democrats-failure-column-00782313
https://www.pbs.org/newshour/politics/what-to-know-about-todd-blanche-trumps-pick-for-acting-attorney-general

## IV.  UNITED STATES INTERESTS

10. The United States' interest is to follow the law on adjudged insurrectionists, *18 USC §2383:*

> "Whoever incites, sets on foot, assists, or engages in any rebellion or insurrection against the authority of the United States or the laws thereof, or gives aid or comfort thereto, shall be fined under this title or imprisoned not more than ten years, or both; and shall be incapable of holding any office under the United States."

11. Criminal prosecutions are controlled by the Department of Justice under the Office of the President currently occupied by Donald J. Trump.  The Department of Justice has not prosecuted Donald J. Trump under *18 USC § 2383.*  The Motion does not explain why.  This court, though, should ask that question in the interests of the United States.

12. Sedition is conduct or speech that incites individuals to violently rebel against the authority of the government.  Insurrection includes the actual acts of violence and rebellion.  *U.S. Const. Art. IV § 1* and *28 U.S.C. § 1738* provide full faith and credit to the aforementioned findings in *Anderson v. Griswold* based on the trustworthy J6 House Report describing Appellant's participation.

13. Violently attempting to overthrow the U.S. Government is overthrowing the Constitution itself. One cannot commit sedition or insurrection to "overthrow a government" while claiming to uphold and defend the Constitution.  18 U.S.C. § 2384 applies and the insurrectionist is trying to make it go away.

14. Rather, this court should be asking Appellee, who holds the exclusive powers over non-particularized Federal criminal prosecutions in the District of Columbia, which is not a state, why it is not prosecuting Donald J. Trump for his adjudged insurrection.  Insurrection is a Federal crime under 18 U.S.C. § 2383 and clearly not an act of the Office of the President of the United States, see *Trump v. United States*, 603 U.S. ___ (2024) with no immunity.  Filing this appeal is arguably supporting that ongoing crime and Appellee is liable for prosecution under the Principals Statute 18 U.S.C. § 2.

Dated: April 20, 2026

Respectfully submitted,

John H. Page
Pro Se
1077 30th Street
#411
Washington DC 20007
Tel: 202 352 6952

11

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because it contains 2,025 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(b) because the brief has been prepared using 14-point Times New Roman font, a proportionally spaced typeface.

Respectfully submitted,

John H. Page (pro se)

1077 30th Street NW, Apt 411
Washington, D.C. 20007
Telephone: 202-352 6952
*john.h.page@gmail.com*

2

Case No. No. 23-3159

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

CERTIFICATE OF SERVICE:

I hereby certify that on April 20, 2026, a true copy of the foregoing was served upon the court by hand and the following by first class mail, postage prepaid:

DANIEL J. LENERZ,
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
(202) 252-6829


ETHAN NORDEAN

32324 169th Ave SE

Auburn WA 98092

John H. Page
Amicus Curiae